IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**RUDY JEROME VILLAREAL**                                                                     **PLAINTIFF**

v.                                         CIVIL No.: 4:11-cv-04067

**MANYA K. WOOD, Deputy**                                                                 **DEFENDANT**
**Prosecuting Attorney**

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Plaintiff's Complaint. ECF No. 1. Plaintiff's Complaint was filed by utilizing a form entitled "[f]orm to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." *Id.* Plaintiff did not pay the full filing fee for this action, but instead filed a Motion for Leave to Proceed *in forma pauperis* ("IFP"). ECF No. 2. The Motion to Proceed IFP was granted on July 18, 2011. ECF No. 3. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Judge Susan O. Hickey, United States District Judge for the Western District of Arkansas.

The matter is presently before the Court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, it is the recommendation of the undersigned that Plaintiff's Complaint be dismissed.

**I.   BACKGROUND**

The following information was presented to the Court in Plaintiff's Complaint. ECF No. 1. Plaintiff states that he is suing Manya K. Wood, deputy prosecuting attorney for Sevier County in her individual and official capacities. *Id.* at ¶ V. In the portion of the Complaint where Plaintiff was asked to state the facts of his case, Plaintiff states he was arrested for a domestic battery charge and bonded out. *Id.* However, a week later he was re-arrested and was told that his charges should

have been a felony, so he had to be arrested a second time. *Id.* On that same day, Plaintiff's girlfriend was taken to Defendant's office and asked to sign a statement against Plaintiff. *Id.* Plaintiff's girlfriend refused to do so, stating that she hit Plaintiff and that Plaintiff did not abuse her. ECF No. 1. Plaintiff states that despite his girlfriend not signing a statement and telling officers Plaintiff never hit her, Plaintiff was still given a no-contact order against his girlfriend and was unable to be present at the birth of his daughter. *Id.* Plaintiff states he was wrongfully arrested twice for the same charge, and that Defendant attempted to manipulate his girlfriend into writing a statement on him. *Id.*

For relief, Plaintiff is seeking to have his charges dismissed, payment for lost wages, and "all damages" that have been caused by the incident and to "make sure [Defendant] doesn't ever hurt anyone like this again because this is inhumane." *Id.* at ¶ VIII.

Plaintiff also filed a supplement to his Complaint, ECF No. 5, in which he stated that his girlfriend was told that a warrant would not be issued on her, for failure to complete community service and unpaid fines, if she testified against Plaintiff. Plaintiff alleges such actions are bribery. *Id.*

## II.   APPLICABLE LAW

Because Plaintiff is a prisoner who is seeking redress from governmental agents and entities, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A(a). The statute, which is part of the Prison Litigation Reform Act of 1995 ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and

should be allowed to proceed. The Court must dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

### III.   DISCUSSION

Plaintiff has named an individual Defendant who is immune from suit. Further, Plaintiff's claims against Defendant Wood in her official capacity fail to claim of public entity liability as outlined below. Therefore, the Complaint in this case fails to state a claim on which relief may be granted under the Constitution or laws of the United States. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, the Complaint, although provisionally filed, should be dismissed.

**A.  Manya K. Wood**

The named Defendant in this matter is Manya K. Wood, a deputy prosecuting attorney for Sevier County. As a prosecutor for Sevier County, this Defendant is immune from a civil suit for damages. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the Complaint, it is clear Defendant Wood is entitled to absolute immunity for Plaintiff's claims for money damages. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

Regarding Plaintiff's claims for injunctive relief, prosecutors may be sued for injunctive relief, since they are state officers who are charged with enforcing and who do enforce the law. *Supreme Court of Va. v. Consumers Union of U.S., Inc.,* 446 U.S. 719, 736-37 (1980). If prosecutors cannot be susceptible to declaratory relief, then putative plaintiffs would have to await the institution of state-court proceedings against them in order to assert their federal constitutional claims. *Id.* Absolute immunity does not protect a prosecutor from claims for injunctive relief. *See Pulliam v. Allen*, 466 U.S. 522, 541-42(1984). However, to be entitled to equitable relief Plaintiff must show "he lacks an adequate remedy at law and that absent injunctive relief he will suffer irreparable harm." *Bonner v. Circuit Court of City of St. Louis, Mo.*, 526 F.2d 1331, 1336 (8th Cir. 1975) (*citing Allee v. Medrano*, 416 U.S. 802, 814 (1974)).

The equitable relief sought by Plaintiff in the case at bar is to have his charges in state court dropped. ECF No. 1. Plaintiff indicates that he has not yet been convicted of these charges. *Id.* at ¶VI. Plaintiff clearly has an adequate remedy at law to challenge the charges against him through his state court case. Moreover, it is well settled that the proper avenue for an inmate to challenge the fact or duration of custody is through a writ of *habeas corpus*. The essence of *habeas corpus* "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). *Habeas* is thus the exclusive remedy when an attack "goes directly to the constitutionality of [a prisoner's] physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." *Id.* at 489. Thus, Plaintiff has an adequate remedy at law to attack his conviction or confinement, and his Section 1983 Complaint is not the proper place to seek such injunctive relief. Plaintiff's injunctive relief claims are likewise subject to dismissal.

### B. Sevier County

Plaintiff sues Defendant Wood in her official capacity. ECF No. 1, ¶ V. A lawsuit against a governmental actor in his or her official capacity is synonymous with a suit against the entity itself. Therefore, the official capacity claim against Defendant Wood is actually a claim against Sevier County. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent).

In a § 1983 action, a municipality may only be held liable for constitutional violations which result from a policy or custom of the municipality. *Turney v. Waterbury*, 375 F.3d 756 (8th Cir. 2004). To succeed in his claims against Sevier County, Plaintiff must prove (1) a constitutional injury, *City of Los Angeles v. Heller*, 475 U.S. 796 (1986), (2) that an "official policy or widespread custom or practice" caused the injury, *Board of County Commr's v. Brown*, 520 U.S. 397 (1997), and (3) that through "deliberate conduct" the County was the "moving force behind the injury," *id.* at 404. The second requirement guards against holding a government body vicariously liable for the acts of all its employees, while the third requirement insures the necessary degree of culpability and causal link between official action and the deprivation of a constitutional right. In the absence of a written policy, a plaintiff must identify a pattern of widespread unconstitutional conduct that was so pervasive and well-settled that it had the effect of law. *Jane Doe A v. Special Sch. Dist.*, 901 F.2d 642, 646 (8th Cir. 1990).

Plaintiff makes no allegation that Sevier County has a policy or practice which caused his alleged constitutional injury. Additionally, there is no allegation of the existence of a pattern of persistent and widespread unconstitutional practices that had become so permanent and well-settled as to have the force and effect of law. Plaintiff's official capacity claims should be dismissed.

## IV.     CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint, ECF No. 1, be **DISMISSED** in its entirety.  I further recommend that this case be considered a "strike" for Section 1915(g) purposes and the Clerk of Court be directed to place the appropriate flag on this case.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED this 8th day of November 2011.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE